**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RIGOBERTO CARRILLO ESPITIA, | ) | |
| an individual, on behalf of himself and all other | ) | |
| plaintiffs similarly situated, known and unknown, | ) | Case No. 1:19-cv-05307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATERNO'S PIZZA AND SPORTS BAR, INC., | ) | |
| an Illinois corporation, and PAUL V. PATERNO | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Rigoberto Carrillo Espitia ("Plaintiff" or "Carrillo"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Paterno's Pizza and Sports Bar, Inc. and Paul V. Paterno, (collectively, "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiff, and other similarly situated employees, are current and former cooks, dishwashers and kitchen staff employees of Defendants' Paterno's Pizza and Sports Bar restaurant.

2.      Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent forms to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff is a former employee of the Defendants' Paterno's Pizza and Sports Bar restaurant located at 5303 N. Milwaukee Avenue in Chicago, Illinois. Plaintiff worked as a cook and dishwasher at Defendants' restaurant from 2010 through July 8, 2019.

6.      Plaintiff resides in and is domiciled in this judicial district.

7.      Defendant Paterno's Pizza and Sports Bar, Inc. ("Paterno's Pizza") is an Illinois corporation that operates the Paterno's Pizza and Sports Bar restaurant located on North Milwaukee Avenue in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

8.      The registered agent, address and corporate officers for Paterno's Pizza are located within this judicial district.

9.      Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2016, 2017, 2018 and 2019.

10.     During the last three years before the filing of this suit, two or more employees of Defendant Paterno's Pizza have handled, sold, or otherwise worked on goods or material, including perishable food and food products, cleaning products, tools and utensils which moved in interstate commerce prior to being used or purchased in Illinois.

11.     Defendant Paul V. Paterno ("Paterno") is an owner and the manager of the Paterno's Pizza and Sports Bar restaurant and business.

12.     At all times relevant to this action, Defendant Paterno possessed extensive oversight over the Paterno's Pizza and Sports Bar restaurant and its business operations. Defendant Paterno was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13.     Upon information and belief, Defendant Paterno resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14.     Plaintiff, and other non-exempt cooks, dishwashers and kitchen staff employees were directed to work, and did work, more than forty (40) hours in individual workweeks.

15.     During the period from August, 2016 through approximately mid-March, 2019, Plaintiff Carrillo regularly worked six (6) days a week including Tuesday through Thursday, and Sunday from 2:00 p.m. to at least 11:00 p.m.; and Friday and Saturday from 2:00 p.m. to at least 11:30 p.m. Plaintiff typically did not work on Monday; however, on occasions he did work a full seven (7) day workweek including Monday.

16.    Based on his schedule, Plaintiff regularly worked approximately fifty-five (55) hours in individual workweeks from August, 2016 through mid-March, 2019.

17.    Defendants paid Plaintiff on an hourly basis at rates ranging from $13.50 in 2019 to $11.00 in 2016.

18.    Defendants did not compensate Plaintiff, and other non-exempt cooks, dishwashers and kitchen staff employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

19.    Defendants never paid Plaintiff an overtime premium when he worked more than forty (40) hours in a work week.

20.    In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff by check for only a portion of his hours, typically forty (40) hours per week, and paid the remainder of Plaintiff's hours in cash. Defendants also required that Plaintiff cash his wage check through Defendants immediately upon receiving it from the Defendants.

21.    In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

22.    Plaintiff bring his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former cooks, dishwashers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

23. During the last three years before the filing of this suit, Plaintiff and all other similarly situated current and former food preparers, dishwashers and kitchen staff employees have had substantially similar job descriptions, job requirements and pay rates.

24. Plaintiff and the other similarly situated cooks, dishwashers and kitchen staff employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, dishwashers and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek.

25. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, dishwashers and kitchen staff employees at their straight-time rates of pay for all hours worked.

26. Defendants failed to pay Plaintiff, and other similarly situated cooks, dishwashers and kitchen staff employees at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual workweek.

27. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

28. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

29. There are numerous similarly situated current and former cooks, dishwashers and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

5

30.     The similarly situated current and former cooks, dishwashers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

<u>**COUNT I**</u>
<u>**Violation of the Fair Labor Standards Act – Overtime Wages**</u>

31.     Plaintiff hereby incorporates paragraphs 1 through 30 as though stated herein.

32.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

33.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

34.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

35.     Defendant Paterno's Pizza is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

36.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt cooks, dishwashers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

37.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

38.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other cooks, dishwashers and kitchen staff

employees were scheduled to work and regularly did work more than forty (40) hours in a workweek. In an attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiff's hours, and those of similarly situated employees, by payroll check, typically forty (40) hours per week, and paid the remainder of Plaintiff's hours including his overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Rigoberto Carrillo Espitia, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Paterno's Pizza and Sports Bar, Inc. and Paul V. Paterno, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

39.    Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

40.    Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

41.    Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

42.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

43.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

44.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Rigoberto Carrillo Espitia, prays for a judgment against Defendants, Paterno's Pizza and Sports Bar, Inc. and Paul V. Paterno, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

45.     Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

46.     Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

47.     Defendants were each an "employer" as defined in the CMWO § 1-24-10.

48.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

49.     Defendants failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Rigoberto Carrillo Espitia, prays for a judgment against Defendants, Paterno's Pizza and Sports Bar, Inc. and Paul V. Paterno, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory damages in the amount of three times the amount of unpaid overtime;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.


Dated: August 6, 2019                           Respectfully submitted,
                                                Rigoberto Carrillo Espitia,
                                                on behalf of himself and all other plaintiffs
                                                similarly situated, known and known,
                                                Plaintiff,


                                                /s/ Timothy M. Nolan
                                                _____
                                                Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com